**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**UNITED STATES OF AMERICA**

**v.** **No. 5:26-cr-4-BJB**

**LAFAEABEIAN STINGLEY, ET AL.**

* * * * *

**OPINION & ORDER DECLINING TO CONSIDER DEFENDANT'S PRO SE MOTIONS**

A grand jury charged Lafaeabeian Stingley and several other defendants with committing several drug offenses. DN 26. After his first lawyer withdrew, the Court appointed Stephanie Parker to represent Mr. Stingley under the Criminal Justice Act. DN 60. Magistrate Judge King held a detention hearing and ordered the Defendant released on bond. DN 63. Mr. Stingley's lawyer has requested a change-of-plea hearing, now scheduled for September 9, 2026, DN 66, but Mr. Stingley apparently doesn't see this case the same way.

That's the upshot of two requests that Mr. Stingley himself filed with the Court last week. The first sought a change of venue under Federal Rule of Criminal Procedure 21, DN 68, and the second asked the Court "to remov[e] and recus[e]" Assistant U.S. Attorney Leigh Ann Dycus "from any further involvement" in the case, DN 69.

These motions, however, are not properly before the Court. Criminal defendants enjoy a constitutional and statutory right to either represent themselves (that is, proceed "*pro se*") or be represented by counsel. But they have no right to do both: the law does not entitle defendants to "hybrid representation" in which defendants may partially represent themselves by, for example, supplementing their counsel's filings with requests to the court. Stingley, like other federal criminal defendants, must either represent himself or appear through counsel. *See, e.g.*, *United States v. Cromer*, 389 F.3d 662, 681 n.12 (6th Cir. 2004) ("It is well settled that there is no constitutional right to hybrid representation.").

When faced with pro se motions from defendants who are represented by counsel, courts may refuse to consider the *pro se* submissions. *See, e.g.*, *United States v. Shephard*, No. 1:19-cr-443, 2021 WL 1239360 (N.D. Ohio Apr. 2, 2021) ("[T]he district court need not consider *pro se* motions filed by defendants represented by counsel.") (citing *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001)). The

Court will do so here. So long as he remains represented, Mr. Stingley must file any further motions through counsel.

Indeed, defense counsel has since asked (with the agreement of the Government) to cancel the September 9 change-of-plea hearing and schedule a status conference. *See* DN 70. Magistrate Judge King subsequently signed a proposed agreed order to the same effect (DN 72) submitted by the Government and set a telephonic status conference for October 2, 2026, at 10:15 AM Eastern. *See* DN 73. Counsel may join by dialing 650-479-3207, entering access code: 2300 218 3068, and pressing #.

The Court therefore denies the *pro se* motions filed at DNs 68 and 69 as improper and denies the counseled motion filed at DN 70 as moot.

Benjamin Beaton, District Judge

United States District Court

September 8, 2026